BAYER & BORLASE
HEATHER E. BORLASE  [SBN 216729]
ALAN B. BAYER  [SBN 216706]
912 Cole Street, #238
San Francisco, CA 94117
Telephone:     (415) 558-9960
Facsimile:     (415) 558-9970
Email: heatherborlase@aol.com
Attorneys for Plaintiff Patricia Jones

CARTER, CARTER & FRIES
JAMES A. CARTER [SBN 33119]
MICHELLE Q. CARTER [SBN 184005]
88 Kearny Street, 10th Floor
San Francisco, CA  94108
Telephone:     (415) 989-4800
Facsimile:     (415) 989-4864
Email:          michelle@carterfries.com

Of Counsel:
FRANK L. KOLLMAN [appearing *pro hac vice*]
KELLY C. HOELZER [appearing *pro hac vice*]
KOLLMAN & SAUCIER, P.A.
20 South Charles Street, 8th Floor
Baltimore, MD 21201
Telephone:     (410) 727-4300
Facsimile:     (410) 727-4391
Email:          khoelzer@kollmanlaw.com
Attorneys for Defendants
ThyssenKrupp Elevator Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

PATRICIA JONES,

         Plaintiff,

   vs.

THYSSENKRUPP ELEVATOR
CORPORATION, a California business entity,
form unknown, LISA BRADLEY, an
individual, and DOES 1-50,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:  C-05-3539-EMC

**STIPULATION TO ALLOW FILING OF
PLAINTIFF'S FIRST AMENDED
COMPLAINT ; ORDER**

1       The Parties to the above-entitled action hereby stipulate to allow Plaintiff, Patricia Jones

2  to file the First Amended Complaint on January 11, 2006.  Said First Amended Complaint is

3  attached hereto as Exhibit "1".  Said First Amended Complaint is to be filed in identical form

4  and substance to Exhibit "1" and comports in all manners to the Court's Ruling of December 22,

5  2005.

6       On January 10, 2006, during the parties Federal Rules of Civil Procedure, Rule 26 (f)

7  meet and confer discussion, counsel for Plaintiff learned that they had mistakenly calendared the

8  date for filing of the First Amended Complaint as January 11, 2006, instead of January 9, 2006.

9  Due to this inadvertent mistake, Plaintiff failed to file the First Amended Complaint by January

10  9, 2006.

11       In the interest of judicial economy, the parties hereby stipulate to allow Plaintiff to file

12  her First Amended Complaint on January 11, 2006

13       IT IS SO STIPULATED.

14  Dated: January 11, 2006

15

16  KOLLMAN & SAUCIER         BAYER & BORLASE

17

18  By:_____/s/Kelly C. Hoelzer     By:_____/s/Alan B. Bayer
   Kelly C. Hoelzer              Alan B. Bayer

19  Attorneys for Defendants        Attorneys for Plaintiff

20

21  IT IS SO ORDERED:

22

23

24  _____

25  Edward M. Chen
   United States Magistrate Judge

26  Date: January 13, 2006

27

28

**EXHIBIT "1"**

HEATHER E. BORLASE (State Bar Number 216729)
ALAN B. BAYER (State Bar Number 216706)
BAYER & BORLASE
912 Cole Street, #238
San Francisco, CA  94117
(415) 558-9960
fax (415) 558-9970

Attorneys for Plaintiff
PATRICIA JONES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA JONES,<br><br>       Plaintiff,<br><br>    vs.<br><br>THYSSENKRUPP ELEVATOR CORPORATION, a California business entity, form unknown, and DOES 1-50,<br><br>      Defendants | Case No.: C05-3539 EMC<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

1. **DISCRIMINATION BASED ON GENDER (Government Code §12940(a))**
2. **DISCRIMINATION BASED ON AGE (Government Code §12940(a))**
3. **DISCRIMINATION BASED ON DISABILITY (Government Code §12940(a))**
4. **FAILURE TO TAKE ALL STEPS NECESSARY TO REMEDY DISCRIMINATION (Government Code §12940(k))**
5. **RETALIATION IN VIOLATION OF PUBLIC POLICY**
6. **DISCRIMINATION IN VIOLATION OF PUBLIC POLICY**
7. **DEMOTION IN VIOLATION OF PUBLIC POLICY**
8. **WHISTLEBLOWER (Labor Code §1102.5)**
9. **DEFAMATION**
10. **EQUAL PAY ACT (Labor Code §1194.5)**
11. **IDEMNIFICATION (Labor Code**

| | |
|---|---|
| ) | **§2802)** |
| ) | **12. UNFAIR BUSINESS PRACTICES** |
| ) | **(Business & Professions Code** |
| ) | **§17200 et seq.)** |
| ) | |
| ) | |

Plaintiff, PATRICIA JONES, for her cause of action states:

### GENERAL ALLEGATIONS:

1.      Plaintiff PATRICIA JONES (hereinafter "JONES") is an adult female who at all relevant times herein resides in Contra Costa County, in California.

2.      JONES is informed, believes and thereon alleges that defendant THYSSENKRUPP ELEVATOR CORPORATION (hereinafter "DEFENDANT" or "DEFENDANTS") is a Delaware corporation doing business in the State of California, city and county of San Francisco, California.  At all times relevant herein, DEFENDANT was and is engaged in providing repair services to elevators and escalators in the San Francisco Bay area.

3.      At all relevant times herein, DEFENDANT THYSSENKRUPP is an employer within the meaning of California Government Code §§12900, 12926 and 12940 in the DEFENDANT regularly employs five or more persons.  As employers, the defendants, and each of them, are prohibited from harassing, discriminating and retaliating on the basis of sex and/or on the basis of age.

4.      At all relevant times herein, DEFENDANT THYSSENKRUPP is an employer within the meaning of the relevant California Code of Regulations section in that DEFENDANT "directly or indirectly, or through an agent or any other person, employs or exercises control over the wages, hours or working conditions of JONES.

5.      The actions giving rise to the violations of the Fair Employment and Housing Act, Government Code §12900 *et seq.,* as herein alleged, occurred at DEFENDANT'S San Francisco location and in San Francisco.

6.      JONES sues fictitious defendants DOES 1-50 because their names and/or capacities and/or facts showing them to be liable are not presently known.  On information and belief, JONES alleges that their entities and/or capacities shall be ascertained through discovery.  JONES will seek leave to amend this complaint to show their true names and capacities when the name has been ascertained.  On information and belief, JONES alleges that each defendant designated herein as fictitious defendants were in some manner responsible for the occurrences and damages alleged herein.  Defendants are sued both in their own right and on the basis of *respondeat superior.*

7.      JONES is informed and believes and thereon alleges that each of the defendants herein, including those fictitiously named, where at all times relevant to this action, the agent, employer, partner, supervisor, managing agent, joint venture, alter ego or part of an integrated enterprise of the remaining defendants and each were acting within the course and scope of that relationship.

8.      JONES is further informed and believes and thereon alleges that each of the defendants herein gave consent to, ratified and authorized the acts alleged herein to each of the remaining defendants, including those fictitiously named defendants.

9.      In December of 2002, JONES joined DEFENDANTS in the position of Service Technician.  At the time, JONES' job duties included: traveling to and from job sites performing repair and maintenance services on elevators and escalators.  JONES was paid an hourly rate of approximately $45 an hour.  JONES suffered rotator cuff injuries on her previous job, while employed for another company providing repair and maintenance services for elevators and escalators, and informed DEFENDANTS of her injuries when she began her employment with THYSSENKRUPP.

10.      In March of 2003, JONES was promoted to Superintendent and was given a raise to approximately $49 an hour.  At the time, JONES believed that she was being paid less than the

male Superintendents that worked for Defendants.    At that time, JONES' job duties included: supervising eleven employees, reviewing call backs from previous evening to make sure that orders for service requests were filled and billed, dispatching service technicians to answer customer complaints, dispatching service technicians to respond to sales request, respond to inquiries regarding equipment from service technicians, dispatching adjusters to assist service technicians when they had technical problems the were unable to rectify on their own, surveying the jobs performed by the service technicians, confirming that service calls were completed in compliance with company policy, and attending weekly sales meetings.  JONES worked approximately 8-10 hours in her Superintendent position.  The position did not require her to engage in physical activity that would pose a risk of injury to her, in light of her previous rotator cuff injuries.

11.    In July 2003, Edwin Lew, one of JONES' male subordinates behaved unprofessionally towards JONES, resulting in his receipt of a verbal warning for insubordination.

12.    Also in July 2003, John "Jovino" Schroyer, another one of JONES' male subordinates, was directed to leave the Ramada Inn at 1231 Market Street by the Chief Engineer of the Ramada Inn, due to lack of performance on the job, and to his being overtly rude to a customer.

13.    In August 2003 Schroyer requested that JONES give him the day off.  His request was denied.  In spite of this denial, Schroyer called in sick and was out from work anyway.

14.    Plaintiff is informed and believes that these incidents began the series of events that followed involving several of her male subordinates and their efforts to remove her from employment with Defendants based on her sex, her complaints of sexual harassment and disparate treatment and her efforts to enforce safety regulations, as required by company policy and state and federal law.

15.     In September of 2003, JONES was promoted to Service Manager in September 2003, but was not given a pay raise.  At that time, JONES' job duties included: everything required of the 23-25 service technicians she directly supervised, analyzing Service Operation Analysis Report "SOAR reports" to determine which routs were profitable and which were not, producing "Missed Services Report", analyzing "Call Back Report", determined how the number and cost of repairs impacted profitability, rearranged the routes to make them more efficient. JONES worked 12-14 hours a day in her Service Manager position, and worked on weekends. This position also did not require her to engage in physical activity that would pose a risk of injury to her, in light of her previous rotator cuff injuries.

16.     In addition to the aforementioned job duties, it was JONES' responsibility as Service Manager to ensure that the safety requirements of the company, California, and the Federal Government were all complied with by her team of service technicians.  In the time immediately preceding JONES' promotion, Defendants had made it known that their safety record was less than satisfactory, and that several client contracts were at risk of being cancelled if the issue was not addressed directly.  Lisa Bradley and others in supervisory positions to Plaintiff JONES made it abundantly clear that one of her main priorities in supervising her team was to raise the safety standards of every service technician whom she supervised.   In addition to the safety concerns, defendants also stressed to JONES that she needed to make the service routes worked by her technicians more profitable by consolidating, reassigning and creating new service jobs and routes, and by addressing missed services.

17.     Within a day of JONES' promotion Schroyer requested time off for vacation.  His request was denied, due to lack of manpower and its untimeliness.  Instead of abiding by JONES denial, Schroyer went over JONES' head to Bradley, who immediately approved the request over JONES' objections.  JONES informed Bradley that this action had severely undermined her authority, and had impinged on her ability to service THYSSENKRUPP'S customers, in light of

1   the lack of manpower.   It also communicated to Schroyer that Bradley would not stand by

2   JONES' decisions.

3       18.    JONES complained to Bradley about Bradley's failure to support her denial of

4   Schroyer's leave.  Bradley responded that the time off would serve as a salve to assuage

5   Schroyer's hurt feelings.  Bradley made it clear she would not support JONES in her dealings

6   with Schroyer.

7       19.    One month later, JONES performed a walk-through of Schroyer's job at 900 Bush

8   Street.  Schroyer had failed to post and complete his "check-chart" for the job (a legal document

9   that Service Technicians are required to fill out to identify the work they performed, and when it

10  was performed).  This document is often used to establish a defense to liability (or, conversely,

11  liability itself), whenever there is an accident concerning an elevator. Additionally, JONES is

12  informed and believes and thereon alleges that she noted that she wrote up Mr. Schroyer for not

13  having posted the "check chart," for dirty conditions, leaving parts on the floor, and the overall

14  poor ride quality of the elevators at that location.

15      20.    Immediately after her inspection of his work, and in accordance with company

16  policy, JONES issued Schroyer a Quality Control Survey ("QCS"), detailing the deficiencies of

17  his job.  The QCS JONES issued Schroyer also served as a Corrective Action Report ("CAR").

18      21.    Also that month, JONES performed a walk-through of Joel Ebright's job at 1221

19  Chess Street in Foster City.  She attended the walk-through at the request of Scott Hopkinson,

20  who had received customer complaints about the deplorable conditions of the job.  The walk-

21  through revealed several deficiencies in his job performance, resulting in a sales complaint.

22      22.    In November 2003, JONES attended a safety meeting with Greg Blue, the

23  Director of Safety at Defendant THYSSENKRUPP ELEVATOR CORPORATION, Inc,

24  Superintendents from other offices and members of her staff.  Shortly thereafter she held a safety

25  meeting in San Francisco to impart the mandates of Mr. Blue's meeting.  During the meeting,

1   she discussed the newly-mandated company rules, read to the team the written policy concerning

2   documenting safety violations, gave examples of instances in which she had forbidden her

3   employees to place themselves in danger, and suggested how to address the dangers presented.

4   JONES also advised her employees of her required duties to conduct four safety inspections per

5   month, including inspections of the employees' vehicles, personal tools, company tools, PPE

6   and their job routes.  She reviewed the Maintenance Check Charts, and reminded the Service

7   Technicians to place the charges appropriately, reminding them of their public, professional and

8   corporate obligation to do so.  During that meeting, JONES also stated that some of the

9   Technicians had not, despite being repeatedly reminded, requested and directed to do so,

10  achieved safety standards consistent with legal and corporate requirements.  Further, JONES

11  suggested that if the Technicians could not meet these standards, in light of the fact that they

12  were certified by the State of California, she might contact the State to inquire about how such

13  violations are handled.  She further suggested that if she took this action, some of the Service

14  Technicians might lose their certification, due to the lack of accountability they had displayed in

15  their work performance.  Mr. Shroyer responded, in front of his coworkers, that JONES could

16  not take such action because representatives of the State had told him and others approximately

17  six months earlier that they would not be enforcing the law.  He suggested to his coworkers that

18  they did not have to abide by State safety requirements, and that they did not have to listen to

19  JONES' directives.  JONES responded that if the safety requirements were not abided by,

20  Service Technicians would lose their State certification, and their ability to work for Defendant

21  THYSSENKRUPP.  In an ultimate show of insubordination, Mr. Shroyer continued to argue that

22  he could perform his job in any manner without accountability to THYSSENKRUPP, JONES, or

23  the State.

24          23.     Shortly therafter, JONES held another meeting with her subordinates to go over a

25  newly-implemented Overtime Authorization Policy.  During the meeting, she presented the "DC-

19" form, explained that it was a legal document, and instructed as to how it should be

completed.  John Schroyer again used the opportunity to challenge JONES' recommendations

and suggestions, and attempted to rally his male coworkers to support him against JONES.  At

this time, JONES supervised approximately twenty-four (24) men and only one (1) woman.

24.     On or about December 1, 2003, Lisa Bradley issued a written warning.  The

general gist of the warning was that JONES' reprisals of the men's work were not warranted, and

that male Sales Technicians may leave THYSSENKRUPP to work for a competitor if she

continued to hold them accountable to safety standards established by the corporation and by

law.  Bradley criticized JONES' style of communication, calling it "dictatorial," and stated that

JONES' male subordinates did not like it.  She wrote, "[T]hese behaviors don't encourage your

employees to follow your leadership but rather result the opposite [sic] making it difficult to

effect the changes we need to adhere to company policies."  Bradley further criticized JONES

focusing on punishment and disciplinary action and job loss as a means to enforce policies.  She

further told JONES that one of the men had filed a complaint against her directly, based

primarily on her communication style.

25.     On or about December 2, 2003, JONES issued a rebuttal to the written warning.

Included within that rebuttal was JONES' notification to Bradley that the company was not yet

fully compliant with corporate and government requirements.  Also included within that rebuttal

was JONES' complaints about her male subordinates' lack of respect, insubordination, and intent

to disrupt any professional gathering she held.  JONES notified Bradley that she felt she had to

meet such behavior with disciplinary action, given the men's insistence on publicly disrespecting

her and ignoring her.  She also related to Bradley specific incidents of misconduct committed by

John Schroyer and Rod Hafer, and notified Bradley that these men were systematically working

to undermine her, in front of their coworkers.  JONES also told Bradley to "consider the source"

with respect to complaints and criticisms made by Mr. Schroyer and Mr. Hafer, given their

histories.  She informed Bradley that she did not feel Bradley was supporting her personally or professionally, and that their harassing behavior was affecting JONES' effectiveness as a leader; she further requested an investigation of her complaints. Finally, she notified Bradley that she spent an average of sixty (60) hours a week, including working evenings and weekends to meet the responsibilities of her job.

26.     During the time she worked as Service Manager, she complained to Bradley and Gil Crosby that she was not being paid the same as her male counterparts, and requested a raise to a level of compensation equal to that of her male counterparts.

27.     Lisa Bradley and Gil Crosby refused to pay Plaintiff the same amount as her male counterparts were being paid while she worked as Superintendent.

28.     In April 2004, following her complaints of discrimination, harassment, pay disparity and safety violations, JONES was demoted two positions to Service Technician.

29.     At the time of JONES' demotion, Bradley questioned her about her previously reported rotator cuff injuries, and whether they would interfere with her ability to work in the field, or whether they would increase her risk of injury in performing such work.  JONES is informed and believes that Bradley's questions about her previously reported rotator cuff injuries were directly related to her demotion.

30.     After JONES' demotion, her job duties required her to be out of the office, in the field, doing a lot of heavy lifting, and consistently moving her arms and shoulders in awkward and painful manners, in order to perform the manual maintenance and service repairs on the elevators and escalators she worked on.  Despite Defendants' actual knowledge of her injuries and disability, JONES was not offered a reasonable accommodation.

31.     Shortly after JONES' demotion from Service Manager to Service Technician, Defendants hired Donovan McKeever, a 33-year-old male, to replace her as Service Manager.

32.     JONES is informed and believes that McKeever was paid a higher salary as Service Manager than she was.  JONES is informed and believes that McKeever had considerably less experience in the elevator repair industry than she did at the time he was hired to replace her.  JONES is further informed and believes that McKeever was required to supervise fewer individuals than she was required to supervise.

33.     Upon her demotion from Service Manager to Service Technician in April of 2004, JONES' salary cut back to its original value of approximately $47 an hour, which JONES received when she started her employment with Defendants.  Bradley had represented to other persons in the Company that JONES would be "Lead Mechanic," but JONES did not receive the same pay rate as Roger Thomas, the former Lead Mechanic that she was replacing.

34.     JONES filed a timely Charge of Discrimination with the Department of Fair Employment and Housing on June 15, 2004, and the Department issued JONES a right-to-sue letter on June 16, 2004.  JONES filed her original complaint within one year of the issuance of the right-to-sue letter.

**FIRST CAUSE OF ACTION**
**(Discrimination Based on Gender Against Defendant THYSSENKRUPP and DOES 1-50)**
**(Government Code §12940(a))**

35.     JONES hereby incorporates paragraphs 1 through 34 as though fully set forth below.  This cause of action is pled against Defendant THYSSENKRUPP and DOES 1-50.

36.     At all times relevant to this Complaint, Government Code §12940, and the corresponding California Code of Regulations were in full force and effect and binding on Defendants.  These sections, inter alia, require an employer to refrain from discriminating or retaliating against employees on the basis of gender.

37.     JONES is a female.  JONES' gender was a motivating factor in the Defendants' decision to pay her less than similarly situated males for similar work, and to demote JONES, among other things.

38.     As a proximate result of Defendants' actions, described in the general allegations, JONES has suffered the loss of promotion opportunities, wage/salary, benefits and additional amounts of money JONES would have received had she not been discriminated against, which actions resulted in her unlawful demotion.

39.     As a further proximate result of Defendants' actions, JONES has been harmed in that JONES has suffered humiliation, mental anguish and emotional distress in an amount to be established at trial.

40.     JONES further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling JONES to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

41.     JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

43.     WHEREFORE, JONES prays for judgment against Defendants as hereinafter as set forth below.

**SECOND CAUSE OF ACTION**
**(Discrimination Based on Age Against Defendant THYSSENKRUPP and DOES 1-50)**
**(Government Code §12940(a))**

44.     JONES hereby incorporates paragraphs 1 through 43 as though fully set forth below.  This cause of action is pled against Defendant THYSSENKRUPP and DOES 1-50.

45.     At all times relevant to this Complaint, Government Code §12940 and the corresponding California Code of Regulations were in full force and effect and binding on Defendants.  These sections, inter alia, require Defendants to refrain from discriminating or retaliating against employees on the basis of age.

46.     JONES was over the age of 40 at all times she was employed by THYSSENKRUPP.  JONES' age was a motivating factor in the Defendants' decision to pay her less than similarly situated males for similar work, and to demote JONES, among other things.

47.     As a proximate result of Defendants' actions, described in the general allegations, JONES has suffered the loss of promotion opportunities, wage/salary, benefits and additional amounts of money JONES would have received had she not been discriminated against, which actions resulted in her unlawful demotion.

48.     As a further proximate result of Defendants' actions, JONES has been harmed in that JONES has suffered humiliation, mental anguish and emotional distress in an amount to be established at trial.

49.     JONES further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling JONES to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

50.     JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

51.     WHEREFORE, JONES prays for judgment against Defendants as hereinafter as set forth below.

### THIRD CAUSE OF ACTION
**(Discrimination Based on Disability Against
Defendant THYSSENKRUPP and DOES 1-50)
(Government Code §12940(a))**

52.     JONES hereby incorporates paragraphs 1 through 51 as though fully set forth below.  This cause of action is pled against Defendant THYSSENKRUPP and DOES 1-50.

53.     At all times relevant to this Complaint, Government Code §12940 and the corresponding California Code of Regulations were in full force and effect and binding on Defendants.  These sections, inter alia, require Defendants to refrain from discriminating or retaliating against employees on the basis of disability.

54.     Defendants had knowledge that JONES suffered from torn rotator cuff injuries at her previous job.  JONES is informed and believes and thereon alleges Defendants knew that she

had a disability and/or perceived her to have a disability, as that term is defined under Government Code Section §12900 et seq.

55.     Lisa Bradley, JONES' supervisor, specifically questioned JONES about her injury immediately preceding JONES' demotion from Service Manager, a position that required her to be in the office performing non-manual labor, to Service Technician, a position that required her to be in the field performing manual labor.

56.     JONES' disability and/or perceived disability was a motivating factor in the Defendants' decision to pay her less than similarly situated males for similar work, and to demote JONES, among other things.

57.     As a proximate result of Defendants' actions, described in the general allegations, JONES has suffered the loss of promotion opportunities, wage/salary, benefits and additional amounts of money JONES would have received had she not been discriminated against, which actions resulted in her unlawful demotion.

58.     As a further proximate result of Defendants' actions, JONES has been harmed in that JONES has suffered exacerbation of her previous injury, suffered humiliation, mental anguish and emotional distress in an amount to be established at trial.

59.     JONES further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling JONES to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

60.     JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

61.     WHEREFORE, JONES prays for judgment against Defendants as hereinafter as set forth below.

//

//

### FOURTH CAUSE OF ACTION
**(Failure to Take All Steps Necessary to Remedy Discrimination against Defendant THYSSENKRUPP and DOES 1-50)**
**(Government Code §12940(k))**

62.     JONES hereby incorporates paragraphs 1 through 61 as though fully set forth below.  This cause of action is pled against Defendants THYSSENKRUPP and DOES 1-50.

63.     Defendant THYSSENKRUPP and DOES 1-50, and/or their agents/employees, failed to take all reasonable steps necessary to prevent discrimination in employment from occurring.  Further, said Defendant knew or should have known of the discrimination against JONES described above, yet failed to conduct an adequate investigation into the nature and substance of the discrimination and failed to take immediate and appropriate corrective action so as to discipline any of the offenders.

64.     The response of Defendants, and/or their agents/employees, to that knowledge was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between Defendants' inaction and the injuries suffered by JONES.

65.      By failing to take all reasonable steps necessary to prevent discrimination, and by failing to properly investigate and remedy the discrimination that occurred, Defendant THYSSENKRUPP and DOES 1-50 committed unlawful employment practices in violation of the announced policy of this State against such practices.

66.      JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5) as well as Government Code §§12940, *et seq.*

67.     WHEREFORE, JONES prays for judgment against DEFENDANTS as hereinafter as set forth below.

*///*

### FIFTH CAUSE OF ACTION
**(Retaliation in Violation of Public Policy against
Defendant THYSSENKRUPP and DOES 1-50)**

68.     JONES hereby incorporates paragraphs 1 through 67 as though fully set forth below.  This cause of action is pled against Defendants THYSSENKRUPP and DOES 1-50.

69.     Defendants' conduct as alleged in this complaint violates the public policy articulated by the California Fair Employment and Housing Act, Government Code §§12900 *et seq*., prohibiting discrimination in the workplace based on an employee's gender, sexual orientation or race, Article 1 Section 8 of the California Constitution, prohibiting discrimination in employment based on a person's sex, and §1102.5 of the Labor Code, prohibiting discrimination in employment against a person who discloses or threatens to disclose information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.  In the conduct alleged, the Defendants retaliated against JONES for her complaining about her own discrimination and harassment, as well as behavior she reasonably believed violated state and/or federal statute, including safety statutes, the California Constitution and the California Labor Code.

70.     California common law prohibits an employer or person from discriminating against any employee because that employee has opposed any practices forbidden by law.  In the conduct alleged, Defendants THYSSENKRUPP and DOES 1-50 retaliated against JONES for opposing and reporting discrimination, harassment and other unlawful behavior to management, in violation of public policy, as outlined above.

71.     As a direct and proximate result of defendant's retaliation and failure to take immediate and appropriate corrective action as required by California law, JONES has suffered the indignity of retaliation, the invasion of her right to be free from retaliation, great humiliation and emotional stress.

72.     As a further direct and proximate result of said retaliation, JONES has suffered mental anguish, outrage, harm to her employability and earning capacity, painful embarrassment and loss of enjoyment of the ordinary pleasures of everyday life.

73.     JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

74.     WHEREFORE, JONES prays for judgment against Defendants as hereinafter as set forth below.

### SIXTH CAUSE OF ACTION
**(Discrimination in Violation of Public Policy Against
Defendant THYSSENKRUPP and DOES 1-50)**

75.     JONES hereby incorporates by reference paragraphs 1 through 75, inclusive, of this Complaint, as though fully set forth herein.  This cause of action is pled against Defendant THYSSENKRUPP and DOES 1-50.

76.     Defendants, and each of them, subjected JONES to discrimination based on JONES' gender, disability, and age which led to her unequal pay, lack of promotions and unlawful termination.

77.     The actions complained of are in violation of California's public policy against sexual discrimination of any kind which is expressed in Article 1, Section 8 of the California Constitution and California Government Code §§12926, 12640, Labor Code §1197.5 and the corresponding California Code of Regulations.

78.     JONES' gender was a motivating factor in Defendants' unequal treatment including unequal pay, and demotion of JONES.

79.     As a proximate result of Defendants' actions described in the general allegations, JONES has suffered the loss of promotional opportunities, wages/salary, benefits, and additional amounts of money JONES would have received had she not been discriminated against, which resulted in her unlawful demotion.

80.     As a further proximate result of Defendants' actions, JONES has been harmed in that JONES has suffered humiliation, mental anguish and emotional distress in an amount to be established at trial.

81.     JONES further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling JONES to recover punitive damages, sufficient to punish and make an example of the Defendants and each of them.

82.     JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

83.      WHEREFORE, JONES prays for judgment against DEFENDANTS as hereinafter as set forth below.

**SEVENTH CAUSE OF ACTION**
**(Demotion in Violation of Public Policy Against**
**Defendant THYSSENKRUPP and DOES 1-50)**

84.     JONES hereby incorporates by reference paragraphs 1 through 83, inclusive, of this Complaint, as though fully set forth herein.  This cause of action is pled against Defendants THYSSENKRUPP and DOES 1-50.

85.     JONES hereby incorporates by reference paragraphs 1 through 64, inclusive, of this Complaint, as though fully set forth herein.

86.     At all times relevant to this Complaint, Article 1 Section 8 of the California Constitution, Government Code §12940 and the corresponding California Code of Regulations and Labor Code §1102.5 were in full force and effect and binding on Defendants.  These sections, inter alia, preclude Defendants from demoting employees on the basis of gender and/or age and/or disability, or for their reporting or threatening to report violations of state or federal law to state or federal agencies.

87.     Between September 2003 and April 2004, JONES was performing the duties of Service Manager.

88.     In April 2004, JONES was demoted from her position as Service Manager, the duties of which required her to work primarily in an office, doing non-manual labor, to her position of Service Technician, the duties of which required her to work in the field, doing manual labor.

89.     JONES gender was a motivating factor in Defendants' decision to demote JONES.

90.     JONES' age was a motivating factor in Defendants' decision to demote JONES.

91.     JONES' actual or perceived disability was a motivating factor in Defendants' decision to demote JONES.

92.     JONES complaints about safety and other violations of state and federal law were a motivating factor in Defendants' decision to demote JONES.

93.     JONES complaints about pay inequity were a motivating factor in Defendants' decision to demote JONES.

94.     As a proximate result of Defendants' actions, described in the general allegations, JONES has suffered the loss of promotional opportunities, wages/salary, benefits, and additional amounts of money JONES would have received had she not been discriminated against, which actions resulted in her unlawful demotion.

95.     As a further proximate result of Defendants' actions, JONES has been harmed in that JONES has suffered humiliation, mental anguish and emotional distress in an amount to be established at trial.

96.     JONES further alleges that Defendants, and each of them, acted with fraud, oppression and malice thus entitling JONES to recover punitive damages sufficient to punish and make an example of the Defendants and each of them.

97.     JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

98.     WHEREFORE, JONES prays for judgment against Defendants as hereinafter as set forth below.

### EIGHTH CAUSE OF ACTION
**(Whistleblower Retaliation Against Defendant THYSSENKRUPP and DOES 1-50)**
**(Labor Code §1102.5)**

99.     JONES hereby incorporates paragraphs 1 through 98 though fully set forth below. This cause of action is pled against Defendant THYSSENKRUPP and DOES 1-50.

100.     This cause of action arises under California Labor Code §1102.5(a), (b) and (e). An employer may not make, adopt or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.  Cal. Labor Code §1102.5(a).  An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.  Labor Code §1102.5(b).

101.     Defendant THYSSENKRUPP and DOES 1-50 failed to develop and implement policies and procedures for prompt and proper investigation of allegations of retaliation against an officer for disclosing information to a government or law enforcement agency, where the officer has reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation.  In subjecting JONES to the misconduct described above and in other respects presently known to plaintiff, Defendants willfully, knowingly and intentionally retaliated against plaintiff for disclosing information to a government or law enforcement agency, where plaintiff had reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation.  As a result of Defendant's retaliation against

JONES because of her disclosing of information to a government or law enforcement agency, where plaintiff had reasonable cause to believe that the information discloses a violation of state or federal statute, or violation or noncompliance with a state or federal regulation in violation of the California Labor Code §1102.5, there are due and owing to JONES monies and damages under the terms of that act.   As a result of Defendants' retaliatory conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, bonuses and other employment benefits, and has incurred attorney's fees, all to her damage in excess of the minimum jurisdiction of this court, the precise amount to be proved at the time of trial.   Defendants' actions effectively damaged JONES' career, seriously impacted her livelihood, and damaged her professional reputation.   Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for prejudgment interest. Plaintiff also seeks penalties in the amount of ten thousand dollars ($10,000) for each violation of Labor Code §1102.5, pursuant to Labor Code §1102.5(e).

102.   As a direct, foreseeable, and proximate result of Defendant's discriminatory acts, JONES has suffered and continues to suffer substantial humiliation, embarrassment, mental and emotional distress, and discomfort, all to JONES' damage in an amount in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

103.   JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

104.   WHEREFORE, JONES prays for judgment against DEFENDANTS as hereinafter as set forth below.

### NINTH CAUSE OF ACTION
**(Defamation against Defendant THYSSENKRUPP and DOES 1-50)**

105.   JONES hereby incorporates paragraphs 1 through 104 as though fully set forth below.  This cause of action is pled against Defendants THYSSENKRUPP and DOES 1-50.

106.     JONES is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact did negligently, recklessly and intentionally cause excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and to the community.  These false and defamatory statements included express and implied: accusations that Plaintiff violated company policies; that she was a poor performer; that she deserved written warnings and disciplinary actions against her; that she was incompetent; a troublemaker; made false complaints; was unreliable; was lazy and was dishonest.  These and other similar false statements expressly and impliedly stated that Plaintiff was dishonest, lazy, incompetent and a poor performer.

107.     While the precise dates of these publications are not known to Plaintiff, she is informed and believes that the publications may have started in December 2003, for the improper purpose of retaliating against her for her above said complaints and reports about violations of the Labor Code and the Fair Employment Housing Act, and were later published and foreseeable republished to first cause, and then to justify Plaintiff's wrongful and illegal demotion.  These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by Defendants, and each of them.  Plaintiff is informed and believes that the negligent, reckless and intentional publications by Defendants, and each of them, were and continue to be to this day, foreseeably published and republished by Defendants, their agents and employees, recipients, in the community Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

108.     During the above-described time-frame, Defendants, and each of them, conspired to, and in fact did negligently, recklessly and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know.  Those third person(s) to whom these Defendants published this defamation are believed to include, but are not limited to, other agents and employees of Defendants, and each

of them, and the community, all of whom are known to Defendants, and each of them, but unknown at this time to Plaintiff.

109.    The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injury Plaintiff and Plaintiff's personal, business, and professional reputation.  These publications included the following false and defamatory statements (in violation of Civil Code §§45 and 46(3)(4) and(5)) with the meaning and/or substance that Plaintiff: violated company policies, that she was such a poor performer that she deserved written warnings and disciplinary actions against her; that she was incompetent, dishonest, untrustworthy, a troublemaker and made false complaints.  These and similar statements published by Defendants, and each of them, expressly and impliedly asserted that Plaintiff was incompetent, dishonest, and a poor employee.

110.    Plaintiff is informed, believes and fears that these false and defamatory per se statements will continue to be published by Defendants, and each of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations.  Plaintiff also seeks redress in this action for all foreseeable republications, including her own compelled self-publication of these defamatory statements.

111.    The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third party recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

112.    None of Defendants' defamatory publications against Plaintiff referenced above are true.

113.    The above defamatory statements were understood as assertions of fact, and not as opinion.  Plaintiff is informed and believes this defamation will continue to be negligently,

recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

114.    Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, to cause her to be demoted, to justify her demotion, and to retaliate against Plaintiff for prior ill will, rivalry and disputes in retaliation for her objections to violations of federal and state safety regulations, the California Labor Code and FEHA.

115.    Each of these publications by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants published these statements knowing them to be false, unsubstantiated by any reasonable investigation and the product of hostile witnesses.  The acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless.  In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false.  Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

116.    The above complained- of publications by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injury Plaintiff, Plaintiff's good name, her reputation, employment and employability.  Defendants, and each of

them, published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injury Plaintiff and destroy her reputation.  Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned publications or republications.

117.    As a proximate result of the publication and republication of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to her personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional and general damage in an amount according to proof.

118.    Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights.  All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants and each of them.  Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants, and each of them for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

119.    JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

120.    WHEREFORE, JONES prays for judgment against DEFENDANTS as hereinafter as set forth below.

//

//

### TENTH CAUSE OF ACTION
(**Equal Pay Act Violation Against Defendant THYSSENKRUPP and DOES 1-50**)
(**Labor Code §1197.5**)

121.    JONES hereby incorporates paragraphs 1 through 120 inclusive, of this Complaint as through fully set forth herein.  This cause of action is pled against Defendants THYSSENKRUPP and DOES 1-50.

122.    This cause of action is brought pursuant to the Equal Pay Act, Labor Code §1197.5, and the corresponding regulations of the California Code of Regulations.

123.    JONES is a female.  From December 2002 up to and including the present day, JONES has been employed by Defendants.

124.    Defendants perform repair and maintenance services for elevators and escalators in and around the Bay Area.  Defendants employ JONES and at least one person of the male sex.

125.    JONES was employed by Defendants in the position of Superintendent between March 2003 and September 2003.

126.    JONES is informed and believes and thereon alleges that Defendants have paid JONES a lower salary than that paid to one or more of the employees of Defendants of the male sex, employed as Superintendent.  JONES and the other employee(s) of Defendants who are paid more than JONES (1) work in the same establishment; (2) perform equal work; (3) perform work that requires equal skill, effort and responsibility; and (4) perform their jobs under similar working conditions.

127.    Defendants have failed or refused to pay to JONES the difference between the amount JONES has earned in the position of Superintendent, and the amount paid to other male Superintendent over the period of time alleged in general allegations set forth above.  Pursuant to the California Equal Pay act, Labor Code §1197.5, Defendants owe JONES that sum to be determined at trial as and for back pay, a sum equal to that amount as for "liquidated damages," interest on the back pay amount, and attorney's fees and costs of suit.

128.    JONES was employed by Defendants in the position of Service Manager between September 2003 and April 2004.

129.    As alleged above Defendants have paid JONES a lower salary than that paid to one or more of the employees of Defendants of the male sex, employed as Service Manager. JONES and the other employee(s) of Defendants who are paid more than JONES (1) work in the same establishment; (2) perform equal work; (3) perform work that requires equal skill, effort and responsibility; and (4) perform their jobs under similar working conditions.

130.    Defendants have failed or refused to pay to JONES the difference between the amount JONES has earned in the position of Service Manager, and the amount paid to other male Service Managers over the period of time alleged in general allegations set forth above. Pursuant to the California Equal Pay act, Labor Code §1197.5, Defendants owe JONES that sum to be determined at trial as and for back pay, a sum equal to that amount as for "liquidated damages," interest on the back pay amount, and attorney's fees and costs of suit.

131.    Defendants told JONES that she would have the title of "Lead Mechanic" when they demoted her from Service Manager to Service Technician.  JONES was informed and believes and thereon alleges that she was hired to replace a male "Lead Mechanic."  Defendants paid JONES a lower hourly rate than that paid to the male "Lead Mechanic" JONES was hired to replace when she was demoted from Service Manager.  JONES and the male other employee(s) of Defendants who was paid more than JONES (1) work in the same establishment; (2) perform equal work; (3) perform work that requires equal skill, effort and responsibility; and (4) perform their jobs under similar working conditions.

132.    Defendants have failed or refused to pay to JONES the difference between the amount JONES has earned in the position of Lead Mechanic, and the amount paid to other male Lead Mechanics over the period of time alleged in general allegations set forth above.  Pursuant to the California Equal Pay act, Labor Code §1197.5, Defendants owe JONES that sum to be

determined at trial as and for back pay, a sum equal to that amount as for "liquidated damages," interest on the back pay amount, and attorney's fees and costs of suit.

133.    Defendants' violation of JONES rights under the California Equal Pay Act is and has been willful in that Defendants and each of them knew they were paying JONES less than her male counterparts for equal work.

134.    JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

135.    WHEREFORE, JONES prays for judgment against Defendants as hereinafter as set forth below.

## ELEVENTH CAUSE OF ACTION
### (Indemnification Against Defendant THYSSENKRUPP and DOES 1-50)
### (Labor Code §2802)

136.    JONES hereby incorporates paragraphs 1 through 135, inclusive, of this Complaint as through fully set forth herein.  This cause of action is pled against Defendants THYSSENKRUPP and DOES 1-50.

137.    On December 13, 2004, Plaintiff JONES, while acting under the direct instructions of defendants and believing that instructions were proper and lawful, committed the following acts:

(a) In response to a deposition subpoena issued by counsel for the Plaintiff in *Dickey O'Dell Lee v. ThyssenKrupp Corporation et seq*., Superior Court of California, County of Alameda Number HG04138435, filed January 28, 2004, Plaintiff made arrangements to have counsel represent her at the deposition, set for December 13, 2004 in San Francisco, California;

(b) As alleged above, JONES had previously filed complaints of discrimination against Defendants through the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission in June of 2004;

(c) Defendants' counsel, the Law Offices of Kollman & Saucier out of Baltimore, Maryland, contacted JONES through her counsel in November 2004 and informed JONES' counsel that they would prepare JONES for the deposition and represent her at the deposition noticed by Dickey Lee's counsel;

(d) JONES advised DEFENDANTS' counsel that an actual conflict of interest between JONES and DEFENDANTS existed, as JONES had filed administrative claims of discrimination against DEFENDANTS, and that DEFENDANTS' counsel was precluded from representing JONES at the deposition noticed by Dickey Lee's counsel under California Rule of Professional Conduct 3-310(c)(3) which states that a member shall not, without informed consent of each client, represent a client in a matter and at the same time in a separate matter accept as a client a person or entity whose interest in the first matter is adverse to the client in the first matter. JONES further advised DEFENDANTS' counsel that she would not consent to its representation of her in deposition, given this conflict of interest;

(e) JONES elected to be represented at the deposition by the same counsel which had represented her in her action against Defendant THYSSENKRUPP, to ensure that no conflict of interest would exist;

138.    JONES incurred legal expenses as a result of having to hire separate counsel to prepare her for deposition, respond to a request for production of documents accompanying JONES' deposition notice, and defend JONES in the deposition, in light of the conflict of interest existing between her and Defendants' counsel, totaling over $5,000, directly arising out of her duty to attend the deposition as an employee of Defendants.

139.    Pursuant to the provisions of the Labor Code of the state of California, JONES requested indemnification for her expenses from Defendants. Defendants have refused to indemnify plaintiff and continues to refuse to do so, to plaintiff's damage in excess of the sum of $5,000.

140.    JONES will also seek and is entitled to recover attorney's fees in connection with this cause of action under the private attorney general doctrine (Civil Code §1021.5).

141.    WHEREFORE, JONES prays for judgment against Defendants as hereinafter as set forth below.

### TWELFTH CAUSE OF ACTION
**(Unfair Business Practices Against Defendant THYSSENKRUPP and DOES 1-50)**
**(Business & Professions Code §17200)**

142.    JONES hereby incorporates paragraphs 1 through 141, inclusive, of this Complaint as through fully set forth herein.  This cause of action is pled against Defendants THYSSENKRUPP and DOES 1-50.

143.    By violating the foregoing statutes and regulations, the acts of defendants constitute unfair and unlawful business practices under Business and Professions Code §§17200 *et seq.*.

144.    Defendants' violation of the California Labor Code and Government Code constitutes a business practice because it was done repeatedly in a systematic manner to the detriment of JONES.

145.    For the period during which JONES was employed by Defendants, JONES has suffered damages and request disgorgement of profits and/or restitution of all monies from defendants in an amount according to proof at time of trial, but in excess of the jurisdiction of this Court.

146.    WHEREFORE, PATRICIA JONES prays for judgment against Defendants THYSSENKRUP and DOES 1- 50 as hereinafter set forth below.

///

///

///

///

**PRAYER FOR DAMAGES**

1.      For compensatory damages, including lost wages, lose employee benefits, bonuses, stocks, promotional opportunities, mental anguish, emotional distress, and other special and general damages according to proof;

2.      For an award of punitive damages;

3.      For an award of interest, including prejudgment interest, at the legal rate;

4.      For an award to JONES of costs, including expert costs, of suit incurred herein on all causes of action;

5.      For an award of JONES of attorney's fees and costs including expert costs pursuant to Government Code §12965(b), Labor Code §1197.5 and Code of Civil Procedure §1021.5, the "Private Attorney General Statute", and Labor Code §2699;

6.      For wages owed to Plaintiff PATRICIA JONES because of DEFENDANTS' violation of the Equal Pay Act, in the amount to be determined at trial;

7.      For expenses incurred while acting under the direct instructions of DEFENDANTS, pursuant to Labor Code §2802;

8.      For penalties pursuant to Labor Code §1102;

9.      For liquidated damages equal to the sum of wages owed to plaintiff PATRICIA JONES because of DEFENDANTS' violation of the Equal Pay Act; in the amount to be determined at trial;

10.     For liquidated damages equal to the sum of wages owed to plaintiff PATRICIA JONES because of DEFENDANTS' violation of Labor Code §2802;

11.     For injunctive relief directing DEFENDANTS to cease committing the violations alleged in this complaint;

//

//

1       12.     For such other and further relief as the court deems just and proper.

2

3    Dated this 11th day of January, 2006          **BAYER & BORLASE**

4

5                          By: /s/ Heather E. Borlase

6                          Heather E. Borlase

7                          Alan B. Bayer
                                Attorneys for Plaintiff

8                          PATRICIA JONES

9                    **DEMAND FOR JURY TRIAL**

10     Plaintiff hereby demands trial by jury.

11

12   Dated this 11th day of January, 2006          **BAYER & BORLASE**

13

14                          By: /s/ Heather E. Borlase

15                          Heather E. Borlase
                                  Alan B. Bayer

16                          Attorneys for Plaintiff
                                  PATRICIA JONES

17

18

19

20

21

22

23

24

25