UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA JONES,<br><br>      Plaintiff,<br><br>    v.<br><br>THYSSENKRUPP ELEVATOR<br>CORPORATION and DOES 1-50,<br><br>      Defendants.<br>_____/ | No. C-05-3539 EMC<br><br>**ORDER GRANTING DEFENDANT THYSSENKRUPP ELEVATOR CORPORATION'S MOTION TO DISMISS EIGHTH AND NINTH CAUSES OF ACTION OF FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6)**<br><br>**(Docket No. 53)** |

## I. INTRODUCTION

Plaintiff Patricia Jones ("Ms. Jones") has filed suit against Defendant Thyssenkrupp Elevator Corporation ("TKE") for various causes of action related to her overarching charge of discrimination by TKE. Now pending before the Court is TKE's motion to dismiss the claims for (1) whistleblower retaliation under California Labor Code § 1102.5(a), (b), and (e), and (2) defamation. The Court held a hearing on Defendant's motion to dismiss on March 8, 2006. Heather Borlase and Alan Bayer appeared on behalf of Plaintiff and Michelle Carter appeared on behalf of Defendant. Having considered the papers filed in support of and in opposition to the motion and the argument of counsel, and good cause appearing therefor, TKE's motion to dismiss the Eighth and Ninth causes of action for whistleblower retaliation and defamation is **GRANTED** with leave to amend for the reasons set forth below.

## II. FACTUAL & PROCEDURAL BACKGROUND

A. <u>Procedural History</u>

Ms. Jones initially filed suit against TKE and Lisa Bradley in state court. Subsequently, TKE removed the case to federal court and Ms. Bradley joined in the removal. TKE then filed a motion to dismiss Ms. Bradley from the case. In response, Ms. Jones filed a motion to remand and shortly thereafter a motion for leave to amend her complaint. This Court denied Ms. Jones's motion to remand based on the original complaint and dismissed Ms. Bradley from this action. Ms. Jones's motion for leave to amend was granted as to her claims against TKE alone.

B. <u>First Amended Complaint</u>

In her First Amended Complaint ("FAC"), Ms. Jones alleged as follows:

TKE is a business engaged in providing repair services to elevators and escalators in the San Francisco Bay Area. *See* FAC, ¶ 2. Ms. Jones was hired as a Service Technician in December of 2002. *See* FAC, ¶ 9.

In March 2003, Ms. Jones was promoted to superintendent, a position that oversees eleven employees, and was given a raise. *See* FAC, ¶ 10. In September 2003, Ms. Jones was promoted a second time, this time to Service Manager. *See* FAC, ¶ 15. As Service Manager, Ms. Jones supervised 23-25 service technicians and was responsible for ensuring TKE's compliance with all safety regulations. *See* FAC, ¶ 15-16.

In November 2003, Ms. Jones held a safety meeting with her subordinates where she discussed new company rules and safety regulations. *See* FAC, ¶ 22. Ms. Jones informed her subordinates that some were not complying with the safety standards. *See id.* Consequently, Ms. Jones "*suggested*" to her subordinates that "she *might* contact the State to *inquire* about how such violations are handled." *See id.* Emphasis added. Mr. Shroyer, a subordinate of Ms. Jones, is alleged to have challenged Ms. Jones's authority to which she responded by informing the Service Technicians that they would lose their State certification and employment with TKE if they did not abide by the safety requirements. *See id.* A similar confrontation with Mr. Shroyer took place at another meeting shortly after. *See* FAC, ¶ 23.

In December 2003, Ms. Jones was issued a written warning for having a poor communication, leadership, and disciplinary style. *See* FAC, ¶ 24. Ms. Jones issued a rebuttal within days justifying her managerial style and included complaints of her male subordinates' insubordination and a notification that TKE was not yet fully compliant with corporate and governmental requirements. *See* FAC, ¶ 25. Subsequently, after her complaints of discrimination, harassment, pay disparity and safety violations, Ms. Jones was demoted two positions to Service Technician in April 2004. *See* FAC, ¶ 28.

Ms. Jones filed a timely Charge of Discrimination with the Department of Fair Employment and Housing and received a right-to-sue letter. Accordingly, Ms. Jones filed suit against TKE and now, in her FAC, includes an eighth cause of action for whistleblower retaliation under California Labor Code § 1102.5(a), (b), and (e), and a ninth cause of action for defamation. TKE now moves this Court for an order dismissing the eighth and ninth causes of action for whistleblower retaliation and defamation.

### III. DISCUSSION

A. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991), quoting *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). In question is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). In reviewing such a motion, the Court must assume all factual allegations to be true and must construe them in the light most favorable to the nonmoving party. *North Star*, 720 F.2d at 580. However, the court need not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003). Moreover, the court may not consider new allegations and exhibits contained in the plaintiff's opposition. *Broam v. Bogan*, 320

F.3d 1023, 1026 n. 2 (9th Cir. 2003). The court may consider allegations in the plaintiff's opposition or oral argument only in deciding whether to grant leave to amend should the complaint be dismissed. *Id.*

B.      <u>Whistleblower Retaliation</u>

In her FAC, Ms. Jones raises a cause of action against TKE for whistleblower retaliation under Cal. Lab. Code § 1102.5(a), (b), and (e). California Labor Code § 1102.5(a), (b), and (e) provide in relevant part:

> (a) An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.
>
> (e) A report made by an employee of a government agency to his or her employer is a disclosure of information to a government or law enforcement agency pursuant to subdivisions (a) and (b).

Generally, to establish a prima facie case for retaliation under Section 1102.5, an employee must show (1) that she engaged in protected activity, (2) that she was thereafter subjected to an adverse employment action by her employer, and (3) that there was a causal link between the protected activity and the adverse employment action. *Love v. Motion Indus.*, *Inc.*, 309 F. Supp. 2d 1128, 1134 (N.D. Cal. 2004); *Germany v. Ryder Dedicated Logistics*, 1995 U.S. Dist. LEXIS 22384, at *1 (N.D. Cal. Aug. 17, 1995).

As a preliminary matter, Ms. Jones fails to plead any allegation or make an argument that would make subsection (b) or (e) applicable. In fact, in her Opposition and oral argument, Ms. Jones limits her arguments to subsection (a). Accordingly, the Court limits its discussion to subsection (a).

In support of her whistleblower claim, Ms. Jones alleges that she "*suggested*" to her subordinates that she "*might* contact the State *to inquire* about how such safety violations are

4

handled." FAC, ¶ 22 (emphasis added). After Ms. Jones's authority was challenged by a subordinate, Ms. Jones "responded that if the safety requirements were not abided by, Service Technicians would lose their State certification, and their ability to work for TKE." *Id.* Later, after she was given a written warning about her handling of subordinates, Ms. Jones alleges she issued a rebuttal *notifying* her superior "that the company was not yet fully compliant with corporate and government requirements." FAC, ¶ 24. Nowhere does Ms. Jones allege a clear threat to report TKE to the government; nor does she state she actually intended to make such a report.

TKE argues that Ms. Jones's claim for whistleblower retaliation should be dismissed pursuant to Rule 12(b)(6) because she has failed to plead allegations that support the elements of the cause of action. Specifically, TKE contends that Ms. Jones has failed to allege that TKE made, adopted or enforced a "rule, regulation, or policy" preventing employees from disclosing information to a government or law enforcement agency. She has not alleged that TKE retaliated against her for disclosing or notifying TKE of her intent to disclose a violation of safety regulations to a state or federal authority.

In response, Ms. Jones argues that the allegations in the FAC supply sufficient facts to support the contention that TKE effectuated a policy aimed at preventing Ms. Jones from reporting safety violations to government officials. In her Opposition and in oral argument, Ms. Jones contends that her demotion, which removed her from a supervisorial position, implicitly evidences a policy implemented to prevent her from reporting violations by removing her from a position that oversaw compliance with safety provisions. *See* Opposition at 8:5-8. Ms. Jones also represented in oral argument that she could amend her pleadings to include the fact that she expressed an explicit intent to contact State authorities to inform them of TKE's failure to follow State safety regulations. Moreover, Ms. Jones maintains that the allegations in the FAC satisfy the notice pleadings standard required by the Federal Rules of Civil Procedure.

The court addressed California Labor Code § 1102.5(a), albeit in a motion for summary judgment, in *Germany*, 1995 U.S. Dist. LEXIS 22384, at *8. In *Germany*, the court expressed the purpose of subsection (a), stating, "The activity protected by this statutory provision is an employee's *attempt or expression of an intention* to disclose *to the government* violations he

5

1  reasonably believes his employer is engaging in." *Id.* at *12, emphasis added.  Analyzing the facts,
2  however, the court determined that the plaintiff had failed "to allege or offer evidence that he either
3  attempted or expressed an intention to notify any governmental authority of alleged violations." *Id.*
4  at *13.  The record in *Germany* showed that the plaintiff had complained to the defendant about
5  being required to drive routes that exceeded Department of Transportation limits, and that he had
6  written a letter informing defendant that he would no longer violate Department of Transportation
7  regulations.  *Id.*  Despite this evidence, the court held that the plaintiff's threat did not indicate an
8  intention to notify governmental authorities about the alleged violations.  *Id.*, n. 10.  Furthermore,
9  the court held that the plaintiff had induced no evidence showing that the defendant did in fact
10 enforce a rule, regulation, or policy that prevented employees from disclosing information to
11 government authorities.  *Id.* at *14.  Accordingly, the court granted defendant's motion for summary
12 judgment on the grounds that plaintiff failed to raise a genuine issue of fact as to the claim that he
13 engaged in protected activity.  *Id.* at *11.

14       The case at bar is analogous to *Germany* in that Ms. Jones too has failed to allege that she
15 either actually attempted or expressed an intention to notify government authorities of possible
16 safety violations at TKE.  *See id.*, at *13.  Based on the FAC, as it currently stands, Ms. Jones
17 simply alleges by implication that her demotion from a supervisory position constitutes retaliation
18 against her for suggesting that she might disclose information to government authorities.  *See* FAC,
19 ¶ 101.  As noted above, Ms. Jones only alleges she "suggested" that she "might" contact state
20 authorities, and even then, only to "inquire" about how safety violations are handled.  *See* FAC, at ¶
21 22.  Neither this allegation nor her alleged notification of her superior "that the company was not yet
22 fully compliant with corporate and government requirements" (FAC, ¶ 24) constitutes an allegation
23 that she either attempted or expressed an intention to notify government authorities of possible
24 safety violations.  This Court finds *Germany* on point.

25       Moreover, Ms. Jones failed to allege that a "rule, regulation, or policy" exists that TKE
26 enforces to prevent disclosure of information to the government.  Ms. Jones's FAC simply alleges
27 that TKE has "failed to develop and implement policies and procedures for prompt and proper
28 investigation of allegations of retaliation against an officer for disclosing information to a

6

1 government or law enforcement agency." FAC, ¶ 101. In her Opposition and oral argument,
2 however, Ms. Jones argued for the first time that her demotions constituted a "policy" by TKE
3 aimed at preventing her from reporting safety violations to government officials. *See* Opposition at
4 8:7-10. Furthermore, in supplemental briefing requested by this Court on the definition of "rule,
5 policy or regulation" under California Labor Code § 1102.5, Ms. Jones argues that (1) a policy may
6 be proved through conduct alone, (2) a policy may consist of either action or inaction, and (3) a one-
7 time act can support an allegation that a "rule, policy or regulation" existed. Although the merits of
8 her legal contentions may be better addressed at a later juncture, such as summary judgment, Ms.
9 Jones has failed to plead such a rule, regulation, or policy in her FAC..

10       In sum, Ms. Jones fails sufficiently to allege that she either attempted or expressed an
11 intention to notify government officials of alleged safety violations at TKE, and that her demotion
12 was pursuant to a rule, regulation, or policy preventing TKE employees from disclosing information
13 to government authorities. Thus, the Court GRANTS the motion to dismiss Ms. Jones's eighth
14 cause of action for violation of California Labor Code § 1102.5(a), (b), and (e). Ms. Jones shall be
15 given leave to amend, however, her claim under Labor Code § 1102.5(a) consistent with Rule 11.

16 C. <u>Defamation</u>

17       Ms. Jones asserts a claim for defamation against TKE as her ninth cause of action. Under
18 California law, the "defamatory statement must be specifically identified, and the plaintiff must
19 plead the substance of the statement." *Mukating v. Hesseltine*, 2005 U.S. Dist. LEXIS 32924, at *6,
20 *19 (E.D. Cal. Dec. 13, 2005) citing *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D.
21 Cal. 2004). Even under the liberal federal pleading standards, "general allegations of the defamatory
22 statements" that do not identify the substance of what was said are insufficient. *See Silicon Knights,*
23 *Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1314 (N.D. Cal. 1997) (holding that "the words
24 constituting a libel or slander must be specifically identified, if not plead verbatim."); *Jacobson*,
25 *supra*.

26       In her FAC, Ms. Jones alleges that TKE was responsible for "excessive and unsolicited
27 internal and external publications of defamation" about her that included "express and implied:
28 accusations that Plaintiff violated company policies; that she was a poor performer; that she

1  deserved written warnings and disciplinary actions against her; that she was incompetent; a
2  troublemaker; made false complaints; was unreliable; was lazy and was dishonest. These and other
3  similar false statements expressly and impliedly stated that Plaintiff was dishonest, lazy,
4  incompetent and a poor performer." FAC, ¶ 106. Notably, Ms. Jones acknowledges that "the
5  precise dates of these publications are not known" but she "believes that the publication may have
6  started in December 2003." FAC, ¶ 107.

In its motion to dismiss, TKE contends that Ms. Jones's allegations are insufficient to state a claim for defamation. Specifically, TKE argues that Ms. Jones fails to include any reference to the speakers of the defamatory communications, the recipients, the timing, or the context in which they were made to specifically identify any defamatory matter expressed or conveyed by TKE. Furthermore, TKE claims Ms. Jones has failed to plead facts sufficient to overcome the qualified privilege that protects an employer's internal corporate communications and that her claim is barred by the one-year statute of limitations.

In response, Ms. Jones argues that a claim for defamation is not subject to any heightened pleading requirements. She contends that her pleadings provide TKE sufficient notice of the communications at issue and argues that she properly pled sufficient facts of malice to overcome TKE's qualified privilege and that comments and republication within a year of filing the complaint brings her claim within the applicable statute of limitations.

Ms. Jones has not pled facts sufficient here. The standard for pleading defamation is more stringent than that applicable to most other substantive claims because of the historically unfavored nature of this type of action. *See* WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, Civil 3d § 1245, p. 429. The court has on more than one occasion applied a more stringent standard and has explicitly held that the allegedly defamatory statements must be specifically identified and the plaintiff must plead the substance of the statement though it need not allege the defamation verbatim. *Mukating*, 2005 U.S. Dist. LEXIS 32924, at *19; *Jacobson*, 357 F. Supp. 2d at 1216; *Silicon Knights, Inc.*, 983 F. Supp. at 1314.

In the instant case, Ms. Jones's defamation claim is insufficient because she has failed to identify and state the substance of the allegedly defamatory statements. Nowhere in the FAC does

Ms. Jones provide any reference to the speakers of the defamatory communications, the recipients, the timing, or the context in which they were made, sufficient to provide TKE sufficient notice of the issues to enable preparation of a defense. *See Okun v. Superior Court (Maple Properties)*, 175 Cal. Rptr. 157, 167 (Cal. 1981).

Ms. Jones's lack of specificity is underscored by the issues concerning the qualified privilege guaranteed under California Civil Code § 47(c) and the possibility that her claim is barred by the statute of limitations.

Under California Civil Code § 47(c), an employer has a qualified privilege of communication to a listener with a common interest. Specifically, California Civil Code § 47(c) provides that "A privileged communication is one made: . . . In a communication, without malice, to a person interested therein, (1) by one who is also interested." (*Williams v. Taylor*, 181 Cal. Rptr. 423 (1982). To defeat this conditional privilege, a plaintiff must specifically allege malice. *Id.* However, a general allegation of malice will not suffice; plaintiff must allege detailed facts showing defendant's ill will towards him. *Martin v. Kearney*, 124 Cal. Rptr. 281 (1975).

The alleged statements appear to be made by TKE supervisors and employees in connection with Ms. Jones's conduct in the workplace. As such, the communication is presumed to be privileged and Ms. Jones must plead specific facts to defeat that privilege. *Kacludis v. GTE Sprint Communications Corporation*, 806 F. Supp. 866, 872 (N.D. Cal. 1992). Ms. Jones, however, has not pled facts sufficient to rebut the presumptive privilege here. Mere allegations that the alleged statements were made "with malice" are insufficient to rebut the presumption of privilege. *Martin*, 124 Cal. Rptr. at 284. To the extent she claims defamatory statements were made outside the privilege, she should allege those with specificity.

As to the statute of limitations, Ms. Jones admits that "the precise dates of [the defamatory] publications are not known" but that she "believes that the publications may have started in December 2003." FAC, ¶ 107. According to TKE, Ms. Jones should be foreclosed from bringing her defamation claim because she alleges nothing more than her belief that the publications are continuing, and does not specifically identify any defamatory statements occurring in the past year.

9

The statute of limitations for a claim of libel or slander is one year. *See* Cal. Code Civ. Proc. § 340(c). Each repetition of a defamatory statement is a separate publication that gives rise to a new cause of action. *DiGiorgio Corp. v. Valley Labor Citizen*, 260 Cal. App. 2d 268, 273 (1968).

Ms. Jones argues that there is no statute-of-limitations bar because every repetition of a defamatory statement is a separate publication that gives rise to a new cause of action. *See* Opposition at 6:11; *DiGiorgio Corp. v. Valley Labor Citizen*, 260 Cal. App. 2d 268, 273 (1968). While this is true, Ms. Jones has not claimed that there was any republication within a year of her filing her claim. Ms. Jones appropriately pleads based on her information and belief that the defamatory statements started in December 2003, but she does not provide any more recent dates of republication. Ms. Jones only alleges that she "believes and fears that these false and defamatory per se statements will continue to be published." *See* FAC, ¶ 110. Such a vague allegation impedes the Defendants and the Court's ability to evaluate the applicability of the statute of limitations.

Because the FAC contains only general allegations of the defamatory statements and does not identify the substance of what was stated, and fails to plead facts showing that TKE supervisors and/or employees making the alleged statements acted with malice, and fails to allege in any detail facts establishing the defamatory statements were republished within one year of the filing of the Complaint, the Court GRANTS the motion to dismiss Ms. Jones's ninth cause of action for defamation. Ms. Jones shall be given leave to amend, however, given the lenity afforded at this juncture.

///
///
///
///
///
///
///
///
///

10

### IV. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** Defendant Thyssenkrupp Elevator Corporation's motion to dismiss eighth and ninth causes of action from the First Amended Complaint with leave to amend. Any such amendment shall be filed within 20 days of this order.

This order disposes of Docket Number 53.

IT IS SO ORDERED.

Dated: March 14, 2006

EDWARD M. CHEN
United States Magistrate Judge